IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERRY MELVIN KEY,**

      **Plaintiff,**

v.                                                                      **Civil Action No. 3:07cv96**
                                                                       **(Judge Bailey)**

**JUDGE JACK ALSOP, RANDOLPH COUNTY
COURT, DEPARTMENT HUMAN HEALTH
SERVICES, MID-OHIO VALLEY FELLOWSHIP,
PATRICE ZUCKER, RICHARD SHYROCK,
EARL MAXWELL AND JUDGE JOHN HEINING,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION
## THAT PLAINTIFF'S COMPLAINT BE DISMISSED

On July 31, 2007, the *pro se* plaintiff initiated this case by filing a civil rights action against the above-named defendants. This matter is before the undersigned for an initial review and report and recommendation pursuit to LR PL P 83.01, et seq.

### I. The Complaint

In his complaint, the plaintiff asserts that while incarcerated at Tygart Valley, North Central Jail and William R. Sharpe Hospital, the defendants violated his constitutional rights by refusing to give the plaintiff adequate medical treatment for a variety of physical and mental illnesses. Specifically, the plaintiff alleges that he has been misdiagnosed as being mentally ill, that he has been refused medical treatment for a spider bite and that he has been denied his thyroid medication for a pre-existing condition. The plaintiff also makes several allegations related to his various

criminal proceedings in state court.[1]

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

**A.   Randolph County Court, Department of Human Health Services, Mid-Ohio Valley Fellowship**

Title 42 U.S.C. § 1983 provides in relevant part that "[e]very *person* who, under color of any

---

[1] The plaintiff does not specify which defendants are responsible for which alleged violations. Therefore, the undersigned will consider each named defendant with regard to each of the allegations raised in the complaint.

statue, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity." (Emphasis added). Thus, in order to state a successful §1983 claim, the plaintiff must show that the conduct complained of was committed by a *person* acting under the color of state law and that such conduct deprived him of a right secured by the Constitution or laws of the United States. See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The State, its agencies, and other facilities such as jails, are not *persons* acting under state law. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at persons . . . ") (internal quotations omitted); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is not a person under § 1983).

Accordingly, because they are not "persons" amendable to suit under § 1983, the Randolph County Court, Department of Human Health Services and the Mid-Ohio Valley Fellowship, are not proper parties to this suit and should be dismissed.

**B.    Judge Jack Alsop, Patrice Zucker Richard Shyrock, Earl Maxwell, Judge John Heining**

1. Medical Claims

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends

. . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

With regard to his medical claims, the plaintiff makes absolutely no claims against any of the named defendants which establishes any personal involvement on their part in the plaintiff's medical care. The defendants are not doctors or other medical workers, and the plaintiff has failed to show that they were in any way responsible for the alleged violations of his right to medical treatment under the Eighth Amendment. Thus, the plaintiff's claims of deliberate indifference against defendants Judge Jack Alsop, Patrice Zucker, Richard Shyrock, Earl Maxwell and Judge John Heining, should be dismissed for the failure to state a claim.

5

2. Claims Related to Plaintiff's Criminal Proceedings

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon a review of the complaint, it is clear that a decision favorable to the plaintiff in this case would necessarily imply the invalidity of his conviction[2] and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits of his claims related to his criminal proceedings, and those claims should be dismissed as frivolous.[3]

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487). With regard to the claims surrounding his state court criminal proceedings, the plaintiff seeks to have his "sentence done, and a full pardon." Complaint at 4.

[3] The undersigned notes that these claims would also largely be barred by the doctrines of absolute judicial immunity and prosecutorial immunity. And, any remaining claims of ineffectiveness against defense counsel are more appropriately raised on either state or federal collateral review on the petitioner's convictions and sentences.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's civil rights complaint be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984);

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 22, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE